Stuart Thomas, Chief of Police Little Rock Police Department 700 West Markham Street Little Rock, AR 72201-1329
Dear Chief Thomas:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the possible release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§25-19-101 through -109 (Repl. 2002 Supp. 2005).
You report that the Little Rock Police Department has received a request from a local attorney who represents the mother of an arrestee taken into custody by Little Rock Police Department officers on August 6, 2005. The arrestee passed away on or about that date. In her letter, dated November 10, 2005, the attorney has requested ten separate categories of records relating to the incident, including: 1) all documents related to the traffic stop, arrest, incarceration, and death of the arrestee, including all intake documents; 2) video tapes of the traffic stop and audio records of radio call-ins by the arresting officers before, during and after the traffic stop; 3) video and/or audio tapes from the jail cell; 4) a copy of any policy of the Little Rock Police Department or City of Little Rock in effect in August, 2005 concerning internal investigations performed by the Little Rock Police Department, the City Attorney or any other agency responsible for internal investigations of LRPD actions; 5) any and all written documents, contracts or agreements between the Little Rock Police Department or the City of Little Rock and the Pulaski County Sheriff's Office or Pulaski County in effect on August 6, 2005 with regard to Little Rock prisoners being placed in the Pulaski County Sheriff's Office North Booking Facility; 6) all policies in use by the Little Rock Police Department or the City of Little Rock on August 6, 2005 regarding the treatment of anyone stopped or taken into custody when a police officer suspects something has been swallowed by the person being stopped or taken into custody; 7) any information related to the arrest and incarceration of two other arrestees housed in the same cell; 8) records showing who was working at the Pulaski County North Intake Facility on August 6, 2005 and the exact hours worked; 9) any audio tapes of telephone calls or radio call-ins from the Pulaski County Sheriff's Office North Booking Facility by any officer whether LRPD officer, Pulaski County officer or North Little Rock officer to Little Rock Police Department officers or staff regarding the arrestee on August 6, 2005; and 10) transcripts of all taped statements taken from witnesses related to the stop, incarceration or death of the arrestee.
You state that an Internal Affairs investigation is ongoing with respect to Little Rock Police Department personnel involved in the arrest and transportation of the arrestee. It is my understanding further that you have determined that documents contained in the Internal Affairs investigative file constitute employee evaluation or job performance records, and are currently exempt from disclosure under the FOIA because there has been no decision as to whether personnel being investigated will be suspended or terminated.
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of any personnel or evaluation records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
RESPONSE
I must note that I have not been provided with copies of the records that are contained in the Internal Affairs file. I therefore cannot opine definitively concerning the release of any particular record in that file or make any conclusions as to whether particular records contained in that file are properly classified as "employee evaluation or job performance records" for purposes of the FOIA. If as a factual matter, there are records in the Internal Affairs file that are properly classified as such, in my opinion your decision is consistent with the FOIA. If they are not properly classified as such, your decision may be inconsistent with the FOIA.
I have consistently opined that records in an Internal Affairs file that have been generated at the behest of an employer in the course of investigating a complaint against an employee constitute "employee evaluation/job performance records" within the meaning of the FOIA. Ops. Att'y Gen. 2005-094; 2004-178; 2003-306; and 2001-063. I have also stated, however, that "any other records in the Internal Affairs file that are not employee evaluation/job performance records and that constitute `personnel records' must be evaluated under the standard of disclosability for personnel records." Op. Att'y Gen. 2003-306 at 3. Additionally, I have stated that "some of the records contained in [an] internal affairs file may not constitute either employee evaluation/job performance records or personnel records" and that "such records must be evaluated by the custodian to determine whether they are subject to other specific exemptions from disclosure." Id. at 4. Documents not created in the evaluation process do not come within the rationale behind the25-19-105(c)(1) exemption. See Op. Att'y Gen. 2005-094. Proper classification of the records in the Internal Affairs file is therefore necessary to determine the applicable test for release of the documents.
"Employee evaluation/job performance records" may not be released unless the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
You have stated that no decision has been made to suspend or terminate any personnel in connection with this Internal Affairs investigation. To the extent that there are "employee evaluations or job performance records" contained in the Internal Affairs file at issue, in my opinion your decision to withhold them from public inspection is consistent with the FOIA. Suspension or termination is a threshold requirement for the release of employee evaluation or job performance records. Op. Att'y Gen. 2001-125; 97-189 and 97-154.
If there are any records in the Internal Affairs file that are not properly classified as "employee evaluation or job performance records: the character of the record and its content will determine whether it is subject to release. Not having reviewed the actual records, I cannot make any factual conclusions in this regard. I have enclosed for your review copies of Ops. Att'y Gen. 2004-178 and 2003-306, which should provide guidance on the disclosability of records in an Internal Affairs investigative file. My authority to issue opinions under A.C.A. §25-19-105(c)(3)(B) is limited to personnel or evaluation records. To the extent there are records in the Internal Affairs file falling outside these categories, I am not authorized to opine on their public status.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh